CELINA PROVOST *vs.* W. F. COOK & another.

Hampden.   September 22, 1903. — October 22, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Sale.   Negligence.*

One who sells oats damaged by a fire at a reduced price, knowing that the purchaser is buying the oats to feed his horses, and knowing that there was paris green in broken packages in parts of the room in which the oats were at the time of the fire, and that by reason of the fire and the water used in extinguishing it the oats might have become impregnated with the poison, is liable for the loss of the purchaser's horses killed by eating the oats.

TORT, alleging that the defendants sold to the plaintiff a quantity of oats to be fed to her horses, as oats fit for such use, and that the oats were not wholesome or fit for use, but were unwholesome and poisonous, and were covered and saturated with paris green, a poisonous substance, all of which the defendants well knew and had good reason to know; and that the plaintiff, believing said oats to be wholesome and fit for use, fed the same to her horses, and her horses thereby were poisoned and died, whereby, and by reason of the false and negligent conduct of the defendants in making the sale, the plaintiff was put to great expense in attempting the cure of her horses, and they became of no value to the plaintiff.   Writ dated January 8, 1901.

The answer of the defendants contained a general denial, and further averred that the oats had been bought by the plaintiff as damaged oats, at a reduced price, and that therefore the defendants were not liable.

At the trial in the Superior Court *Mason*, C. J. ordered a verdict for the defendants; and the plaintiff alleged exceptions.

*W. R. Heady*, for the plaintiff.

*S. S. Taft*, for the defendants.

HAMMOND, J.   While the evidence was conflicting and a verdict for the defendants might reasonably have been expected, still we think that it would have warranted a finding that paris green was kept at times by the defendants upon the shelf upon the east wall of the room in which the oats were kept, and

sometimes packages of it more or less broken were allowed to be in other parts of the room; that it was so kept and scattered about the room at the time of the fire, and that by reason of the fire, the water used in extinguishing it and the attendant confusion, the oats in the room, of which those sold to the plaintiff were a part, were exposed to this poison and to a liability to be impregnated with it to such an extent as to be poisonous as food for animals, and that all this was known to the defendants. There was evidence tending to show also that the buyer bought the oats to be fed to her horses and cattle, that this was known to the defendants, that the oats were poisonous, and that the horses died from the effects of the poison.

If such were the facts, then the case is within the rules laid down in *French* v. *Vining*, 102 Mass. 132 , and the plaintiff is entitled to recover, unless a distinction is to be made between the two cases upon the ground that here the oats were known to be somewhat damaged and were bought as such. It is strongly insisted by the defendants that the rule of *French* v. *Vining* is not applicable to the case where the goods sold are known to be damaged. But in this case the damage which the parties had in contemplation was that which arose from dampness and other similar causes, and it cannot be assumed that either party supposed that the difference in price was due to the existence of a deadly poison in the oats. Although the oats were in some respects unsound, still it was in the contemplation of the parties that they should be fed to the buyer's animals, and under such circumstances the reason for the application of the rule is as strong as in the case of oats sound in all other respects.

*Exceptions sustained.*