KROGER GROCERY & BAKING COMPANY *v.* WOODS.

4-6938                    167 S. W. 2d 869

Opinion delivered January 25, 1943.

132

*A. M. Coates, Frazer & Clifton* and *Armistead Clay,* for appellant.

*J. M. Jackson,* for appellee.

ROBINS, J.   The appellee instituted suit in the lower court against the appellant for damages in the sum of $100 alleged to have been sustained by the appellee in the loss of eighty-one chickens which she alleged died as a result of eating prepared chicken feed bought by the appellee from the appellant. The appellant did not dispute the sale of the feed by it to appellee, but denied liability on the ground that it did not manufacture this feed, and was not negligent in the sale thereof. The jury returned a verdict in favor of the appellee for $62.50, and from a judgment entered on this verdict this appeal is prosecuted.

Counsel for appellant in their brief do not raise any contention as to the correctness of the instructions given by the court, other than that the lower court erred in refusing to give a peremptory instruction in its favor.

It is urged by counsel for appellant that under the law there is no implied warranty that food for animals is wholesome. "According to some courts, the principle that there is an implied warranty of soundness in the sale of provisions has been extended in some cases to the sale of provender for animals. According to others,

the exception to the general rule of *caveat emptor* in case of the sale of provisions for immediate consumption should be restricted to a sale of provisions for consumption by man and under this view there is no implied warranty of soundness where the sale is of provender for domestic animals.'' 22 Am. Jur., 904. Arkansas is among the states in which it has been held that there is no implied warranty in the sale of food for animals. *National Cotton Oil Company* v. *Young,* 74 Ark. 144, 85 S. W. 92, 109 Am. St. Rep. 4, Ann. Cas. 1123.

But in this case the lower court, in its instructions, did not submit to the jury the question of implied warranty, and authorized the jury to return a verdict for the appellee only in event it was established by the evidence that in the sale and delivery of the feed, appellant was guilty of negligence, and that this negligence was the proximate cause of the death of the plaintiff's chickens.

It has been uniformly held that the seller of food for consumption by animals is liable for any negligence in the handling of such food by the seller that may render the food unsuitable for consumption and thereby cause damage to the purchaser thereof. 22 Am. Jur., 904; *French* v. *Vining,* 102 Mass. 136, 3 Am. Rep. 440; *Provost* v. *Cook,* 184 Mass. 315, 68 N. E. 336; *Coyle* v. *Bauin,* 3 Okla. 695, 41 Pac. 389. The jury in the case at bar found that appellant was negligent, and that the loss of the plaintiff's chickens was proximately caused by such negligence. The evidence introduced by appellee established that she purchased from appellant one hundred pounds of chicken feed in a sack on which was printed ''Kroger Scratch Grain, Distributed by Kroger Grocery & Baking Company''; that after using some of this feed she discovered that it contained bugs and weevils, and was moldy or mildewed and greenish in color, and that the sack in which it was contained had been wet. There was also some evidence to the effect that this feed had been stored by appellant in the back end of a room, the window of which contained broken panes. The appellee and her witnesses testified that the chickens

were healthy when this feed was given to them; that they had been given no other feed up until the time when they were found dead, and that an examination of the craw of one of the dead chickens revealed a congested condition and a foul odor of the contents.

It is doubtless a matter of common knowledge that mold is caused by dampness and that moldy food is ordinarily unfit for consumption. "Jurors are not expected to lay aside matters of common knowledge or their own observation and experience of the affairs of life any more than the court is expected to ignore its own knowledge and experience with ordinary affairs. On the contrary, they may give effect to such inferences as common knowledge or their personal observation and experience may reasonably draw from the facts directly proved." 20 Am. Jur. 55; *Kirby* v. *City of Paragould*, 159 Ark. 29, 251 S. W. 374. The jury doubtless took the view that the wet condition of the sack was something that the appellant could and should have observed and that its failure to exercise diligence in this regard amounted to negligence. We are unable to say that the verdict of the jury was without substantial testimony to support it. The judgment of the lower court was correct and is affirmed.