CLARENCE E. ROUSE *v.* JAMES N. WESTON ET AL

5-4320                                         420 S. W. 2d 83

Opinion delivered November 6, 1967

*W. B. Howard,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* for appellees.

LYLE BROWN, Justice. Appellant Rouse was the plaintiff below. His action against Weston and Chadwick arose out of a minor automobile collision in which vehicular damages resulted. Before filing suit, plaintiff gave notice to the defendants in accordance with the Small Property Damage Claims Act 283 of 1957. Ark. Stat. Ann. § 75-918 (Repl. 1957). Plaintiff's notice, as well as his complaint, alleged damages to be $200.

At the trial plaintiff introduced two estimates of repairs to support his prayer for damages. Those estimates slightly exceeded $200. That was all the evidence offered to prove damages. At the conclusion of plaintiff's testimony the trial court deleted from plaintiff's complaint the pleas for double damages and attorney's fee. Under an instruction which limited Rouse's recovery to a maximum of $200, the jury returned a verdict for that amount.

Plaintiff-appellant asks us to approve the jury verdict and to direct the trial court to enter a verdict for double damages and attorney's fee.

The court's action in striking the prayer for double damages and attorney's fee was error. Apparently that

action was taken on the theory that the estimates exceeded $200; therefore, so the court reasoned, the damages exceeded $200. The estimates are merely evidence to be considered in determining the fair market value of the automobile before and after the accident. Jurors are permitted to examine the estimates; they are allowed to take into consideration their own common knowledge. Utilizing those factors the jury may well have concluded that the fair market value of the car should be upgraded or downgraded from the estimates. It is common knowledge that repairs will ofttimes not fully restore an automobile substantially damaged. On the other hand, it is similarly true that an old automobile, moderately damaged, could be a better car with new parts.

First, appellant asks this court to hold that a claimant can reduce his claim and bring himself within the cited small claims act. This Act imposes double damages and attorney's fee on a defendant, who, "without meritorious defense," fails to pay the damages when they are $200 or less. The tenor of the statute is penal in nature and the title of Act 283 removes any doubt as to the intent of the Legislature to treat the provisions as penal. The title specifies the purpose of the Act is to provide a penalty for failure to pay small property damage claims. The title of an act may be looked to, in event of doubt, to shed light on legislative intent *Warfield* v. *Chotard,* 202 Ark. 837, 153 S. W. 2d 168 (1941).

It is well settled that penal statutes should be strictly construed. We are bound by the legislative declaration that the Act is restricted to those cases whose "loss or damage occurs . . . amounting to two hundred ($200.00) dollars or less . . ." We are not permitted to apply the penalty in a case where the damages exceed the ceiling fixed by the Legislature.

Second, we are asked to direct the trial court to enter a judgment for $400 and attorney's fee. That we cannot do, because it would have to be predicated upon

a finding that has not yet been determined, namely, that the actual damages were $200 or less. The jury was specifically told that any recovery by Rouse should be limited to $200; additionally, the jury was instructed to reduce any award to Rouse in proportion to any negligence on his part. The case was submitted on general verdicts and Rouse's award was fixed at $200. It is impossible to tell whether (1) the jury thought Rouse was damaged more than $200 but reduced the verdict to the maximum fixed by the court, or (2) whether Rouse was found to have been damaged more than that amount but his negligence caused a reduction, or (3) whether the verdict represents the exact amount of full damages.

For the error indicated with respect to the striking of the prayer for double damages and attorney's fee, the case is reversed. Since a determination of *full* damages has not been made, only a new trial can resolve that amount. Because of the need for a special finding on *total* damages, the case could better be handled by the use of interrogatories.

Reversed and remanded.