Lois ROGERS *v.* STATE OF ARKANSAS

5497                                         453 S. W. 2d 393

Opinion delivered May 11, 1970

*Jeff Duty,* for appellant.

*Joe Purcell,* Attorney General; *Mike Wilson,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. The only point for reversal of his felony conviction of possession of stolen goods asserted by appellant is the failure of the state to prove the value of a 1966 Dodge Charger automobile which was the subject matter of the charge against him. He is correct in his assertion that the state offered no evidence that the automobile was of a value of more than $35, as charged in the information. The vehicle was neither offered in evidence nor viewed by the jury.

The state first argues that appellant is barred from raising this point on appeal, by failing to mention the value of the property in his requests for a directed verdict at the close of the state's case and for an in-

structed verdict of not guilty at the conclusion of all the testimony and by failing to preserve the point in his motion for new trial. We find no merit in this argument. A motion for a directed verdict is certainly sufficient to raise the point that the state has failed to prove an element essential to a conviction of the crime with which a defendant is charged. It is academic that, in order to sustain a conviction of the felony charged, the property involved must be shown to have had a value in excess of $35. Ark. Stat. Ann. §§ 41-3934, -3907 (Repl. 1964). It was asserted in the motion for new trial that the jury verdict was contrary to the evidence and contrary to the law and the evidence. Additional grounds for that motion were that the court erred in overruling appellant's motion for an instructed verdict at the conclusion of the state's case and that the court erred in refusing defendant's request for an instruction to the jury to return a verdict of not guilty made at the conclusion of the whole case. Certainly these allegations were sufficient to preserve any point raised by the motions for a directed or instructed verdict.

Our statute covering the crime of receiving or possessing stolen property provides that one found guilty be punished as in cases of larceny. Ark. Stat. Ann. § 41-3934 (Repl. 1964). This matter seems to have been settled as to larceny, in a similar background, by the case of *Ware* v. *State,* 33 Ark. 567. At that time Ware could not have been guilty of grand larceny, of which he was convicted, unless the hog found in his possession was of a value in excess of $2. The hog was described as fat, but no witness swore that it was of any value. Because of this failure of proof, that conviction was reversed and the cause remanded for a new trial. Albeit dictum, the necessity that there be proof to show that the market value of a stolen chain saw was in excess of $35 to support a grand larceny conviction was stated in *Hammond* v. *State,* 232 Ark. 692, 340 S. W. 2d 280.

The Attorney General makes a very plausible argument that the jury might infer that the value of the

car at the time of its theft was over the amount of $35, saying that the value of the automobile was of such common knowledge as to be within the experience of any person. In support of this argument, he points out that the owner testified that he purchased the automobile in February 1966 by trading in another motor vehicle and paying a cash balance, and that, on the day before the car was stolen, it had been completely refurbished and painted. In this process, the owner said, a new vinyl top and four new tires were put on it four days prior to the day it was stolen. No authority for this position is cited in the state's brief, nor do we know of any.[1]

On the other hand, the authorities are generally contrary to the idea that a jury, without having viewed the property,[2] can arrive at a value of property by presumption or inference, in the absence of any evidence on the subject. As a general rule there is no presumption as to the value of property and proof of value is generally required whenever value is in issue. 29 Am. Jur. 2d 285, Evidence § 239. We have long held that direct proof of value was not necessary where the crime did not depend upon the value of the property stolen so long as there is proof of facts from which it might be inferred that it had some value. *Houston* v. *State,* 13 Ark. 66.

The general rule, however, when value determines the grade of the offense or the punishment therefor, is that applied in *Ware* v. *State, supra,* and is aptly stated at 52A C. J. S. 568, Larceny § 97, as follows:

---

[1]There is dictum similar to the state's argument in *State* v. *Phillips,* 106 Kan. 192, 186 P. 743 (1920). See also, *State* v. *Lawrence,* 120 Utah 323, 234 P. 2d 600 (1951), where the court reversed a grand larceny conviction because the trial judge took judicial notice that an automobile was worth more than $50 and so instructed the jury. In the latter case, the court never decided whether it was even proper for the trial judge to have taken judicial notice of the value of the car.

[2]For authorities indicating that production of the goods involved before the jury may be evidence of value, see *State* v. *Peach,* 70 Vt. 283, 40 A. 732 (1898); 2 Wharton's Criminal Evidence 609, § 673 (12th ed. 1955).

> In jurisdictions where the distinction between grand and petit larceny still exists, or where the grade of the offense, or the punishment therefor, is determined by the value of the thing stolen, in order to justify a conviction of grand larceny, or the higher grade of the offense, the state must prove a value equal or exceeding the diacritical amount.

We have always held that it is necessary to prove the value of stolen property in order to sustain a conviction of grand larceny, except where the statute provides that the unlawful taking of certain types of property constitutes grand larceny, regardless of value. *Pillow* v. *State*, 186 Ark. 1198, 52 S. W. 2d 964; *Woodall* v. *State*, 200 Ark. 665, 140 S. W. 2d 424. Like every other element of the crime, when the value of the stolen property is an issue, it must be proved beyond a reasonable doubt. *State* v. *Boswell*, 107 W. Va. 213, 148 S. E. 1 (1929); *State* v. *Wood*, 46 Iowa 116 (1877); Annot. Ann. Cas. 1912A 895, 896. The law does not take judicial notice of the value of personal property, so proof of value is essential where the punishment depends upon the value in issue. I Wharton's Criminal Evidence 484, § 258 (10th ed. 1912). Consequently, in the absence of evidence upon the value of the property involved, where it is necessary to determination of the grade of the offense and the penalty, the jury may not indulge in presumptions to supply the omission. *Burrows* v. *State*, 137 Ind. 474, 37 N. E. 271 (1894).

In following and applying the general rule, the United States Court of Appeals for the Fourth Circuit said that a jury should not be allowed to speculate that the value of 72 rifles stolen from an armory was more than $100, merely from their appearance. That court said that it was as incumbent upon the prosecution to establish this fact as it was to prove the identity of the thief and the ownership of the property. *United States* v. *Wilson*, 284 F. 2d 407 (1960). See also, *Jalbert* v. *State*, 95 So. 2d 589 (Fla. 1957); and *Cooper* v. *State*,

43 Ala. App. 385, 191 So. 2d 224 (1966), cert. denied, 280 Ala. 711, 191 So. 2d 229 (1966).[3]

It has been said that, in distinguishing between grand and petit larceny, the rules for establishing values in civil cases are often held applicable. *State v. Doepke,* 68 Mo. 208, 30 Am. R. 785 (1878); 2 Wharton's Criminal Law and Procedure 71, § 449 (1957). In *Utley v. Heckinger,* 235 Ark. 780, 362 S. W. 2d 13, it was held that the value of a particular 1954 Pontiac automobile was not established by testimony by one witness that an ordinary automobile of that model and make was worth from $1,000 to $1,200 in 1959, and by another that the particular vehicle was in good condition at that time. At least as strict a rule on value as that applied in civil cases should be utilized where one's liberty can only be taken after all the elements of his crime have been proved beyond a reasonable doubt.

It may well be argued that such a strict rule should not be applied when it might easily be said that it is common knowledge a 1966 Dodge Charger was worth at least $35.[4] The defect in this approach is that the precedent would, in many cases, pose a riddle as to the sufficiency of common knowledge of values, first at the trial bench and again at the appellate level. Appellee has aptly called our attention to the following quotation used by Judge Frank Smith in answering a suggestion of inconsequentiality in *Byler v. State,* 210 Ark. 790, 197 S. W. 2d 748:

" 'Twill be recorded for a precedent and many an error by the same example will rush into the state. It cannot be."

The judgment is reversed and the case remanded for a new trial.

[3]In this case the stolen property was a two-door Ford car, which was overtaken by a state trooper after it passed him at a high rate of speed. During the chase, speeds sometimes reached 100 miles per hour.

[4]There was some evidence from which it might have been inferred that this automobile was not in operating condition when it was in appellant's possession.