James Earl POLK v. STATE of Arkansas

5696                                        478 S.W. 2d 738

Opinion delivered April 10, 1972

*J. H. Cottrell,* for appellant.

*Ray Thornton,* Atty. Gen., by *John D. Bridgforth,* Asst. Atty. Gen., for appellee.

FRANK HOLT Justice. Appellant was charged by separate informations with the crimes of robbery and grand larceny. A jury acquitted him of the robbery charge. Subsequently he was convicted of the grand larceny charge by a jury and his punishment assessed at 21 years in the state penitentiary under our habitual criminal act. Ark. Stat. Ann. §§ 43-2328—2330 (Supp. 1969). From that verdict appellant, by his court-appointed trial counsel, brings this appeal.

It is first asserted for reversal that: "The Court erred in not granting defendant's motion for a dismissal on the grounds of double jeopardy in that this trial involved relitigation between the same parties of issues actually determined at a previous trial, and under the doctrine of collateral estoppel this trial is barred." We cannot agree.

According to the state's evidence, the appellant and a codefendant, William Wayne Decker, robbed a filling station attendant and then locked this robbery victim and a customer, the prosecuting witness in the case at bar, in the rest room. Thereupon the appellant and his codefendant left the scene by stealing the customer's car. Appellant's argument is to the effect that since a previous jury acquitted him of the alleged offense of robbery, the state is collaterally estopped from relitigating the matter of appellant's identification for the second time at the scene of the two crimes which arose out of the same episode. In support of this contention appellant cites to us *Ashe* v. *Swenson*, 397 U.S. 436, 25 L. Ed. 2d 469 (8th Cir. 1970). We cannot agree that this decision is applicable in the case at bar. There, in applying the doctrine of collateral estoppel, the court said:

> "***Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'"

In the case at bar, we do not have before us these indicia. The burden is upon the appellant to demonstrate from the record of the previous proceeding exactly what were the issues there. In the absence of that, we are unable to tell from the general verdict upon what basis the jury acquitted appellant. In *Turner* v. *State*, 248 Ark. 367, 452 S.W. 2d 317 (1970), the argument appellant now asserts was presented by stipulation.

In the circumstances we are of the view that our recent decision in *Decker* v. *State*, 251 Ark. 28, 471 S.W. 2d 343 (1971), is applicable in the case at bar. There we recognized that although two acts arise out of the same incident, they are not the same offense. We observed: "We have said that where two acts are intended to suppress different evils, the acquittal or conviction of one [alleged offense] will not preclude prosecution of the other." In the case at bar the offenses of robbery and larceny, although arising out of the same episode, are two separate crimes and the pertinent statutes are designed to suppress different evils. Also, in *Decker*, we said, "the test is not whether the defendant has already been tried for the same act but whether he has been put in jeopardy for the same offense." Inasmuch as we do not construe *Ashe* v. *Swenson, supra,* applicable to the case at bar, we are of the view that appellant's trial on the larceny charge did not place him in double jeopardy in violation of state and federal constitutions.

Appellant next asserts for reversal that: "The court erred when, after the State had rested, defendant's motion for directed verdict by reason of State failing to show value of automobile was overruled, and the Court permitted the State to reopen the case and attempt to show value." It was within the sound discretion of the trial court, in the furtherance of justice, to permit the state to reopen its case and offer proof as to the value of the stolen property. *Bland* v. *State*, 251 Ark. 23, 470 S.W. 2d 592 (1971); § 43-2114 (Repl. 1964). We find no abuse of discretion in the case at bar.

Appellant next asserts for reversal that the state failed to show the value of the automobile allegedly stolen by

the appellant when it was permitted to reopen the case for that purpose. The owner of the 1957 Ford automobile testified, in response to a question as to the car's value: "About a Hundred and a Half, Two Hundred." Appellant argues that it is not shown that the value of the automobile was in excess of $35 as is required by § 41-3907 (Repl. 1964) in cases of grand larceny. Appellant, also cites *Rogers* v. *State*, 248 Ark. 696, 453 S.W. 2d 393 (1970). In that case there was a complete absence of any evidence upon the value of the automobile. Here, however, there was an expression as to its value. The jury was told in a standard instruction that they were not required to set aside their common knowledge as individuals and that they had a right to consider the evidence in the case in accordance with their own observations and experience in the affairs of life. We think the jury could properly infer from the value evidence that the owner meant that he was placing a monetary value upon his automobile. Accordingly, we find no prejudicial error in the allegedly deficient expression as to the value of the automobile.

Appellant next asserts for reversal that: "Testimony of prosecution witnesses that defendant had committed a robbery prior to the larceny of the automobile was prejudicial to defendant since a previous jury had acquitted him of this charge." We find no merit in this contention. We have often held that where acts are intermingled and contemporaneous with one another, then evidence of any or all of them is admissible against a defendant to show the circumstances surrounding the whole criminal episode. *Harris* v. *State*, 239 Ark. 771, 394 S.W. 2d 135 (1965). Furthermore, the court gave a cautionary instruction to the jury that any evidence pertaining to robbery was merely a "part of the circumstances and facts for your consideration in determining whether the defendant [appellant] was guilty of the crime of grand larceny."

Appellant next asserts for reversal that, "It was error on the part of the prosecution to repeatedly ask of defendant 'On or about the 3rd of July 1970, are you guilty of robbing Pete's Esso Station?'" This inquiry referred to a different robbery than the one in the case at bar. On cross-examination appellant admitted previous convic-

tions; however, he denied that he was "guilty of robbing Pete's Esso Station." Later in the trial when appellant again testified, he was asked the same question and again denied that he was guilty of robbing Pete's Esso Station.

It is well established that a defendant cannot be asked if he has ever been indicted, charged, or accused of offenses. However, it is equally well established that a defendant can properly be asked if he was guilty of a particular offense. This is permissible to test the credibility of a witness and the state is bound by the answer. *Black* v. *State,* 250 Ark. 604, 466, S.W. 2d 463 (1971). In the case at bar there was no objection to the second inquiry. In the circumstances we find no merit in appellant's contention that it was prejudicial error to permit the state to ask appellant if he was guilty of a particular offense.

Affirmed.

BYRD, J., dissents. He would apply *Ashe* v. *Swenson.*