JERRY LYLE CALDWELL v. STATE OF ARKANSAS

CR 73-65                               498 S.W. 2d 858

Opinion delivered September 17, 1973
[Rehearing denied October 8, 1973.]

*Louis W. Rosteck,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *James W. Atkins,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant Jerry Lyle Caldwell for reversal of his convictions of burglary and grand larceny contends that the evidence was insufficient and that, assuming the sufficiency of the evidence, there was insufficient proof of value to sustain a grand larceny conviction. We find no merit in either contention.

The proof, stated in the light most favorable to the trial court's finding, shows that appellant was doing business in Little Rock as Caldwell Safe & Lock Company and as such had an employee by the name of James Collins. Collins generally rode home from work with appellant unless he spent the night at appellant's home. Both Collins and appellant testified that they had been at appellant's home until 11:00 p.m. on November 20, 1970, when appellant left to take Collins home. Appellant's wife had retired for the night before they left home. While in route from appellant's home in Little Rock located at 2607 Johnson Street, to Collins' home at 2119 Perry Street, appellant testified that he remembered he had left something cooking on the stove and that he stopped at a phone booth near the Thriftway Food Store located at 7000 Asher Avenue, to call his wife. While making the phone call he heard Collins pop the door to

the store and saw him come back with the head to the safe located therein. He says that he asked him "what he thought he was doing taking the safe, because I knew Bob pretty well and I took him out and dumped it out in . . . the pond." In his confession he stated:

"On Thursday or Friday night approx. Nov. 19 or 20, 1970, between 12:00 midnight and 1:00 a.m. myself & Jimmy Collins went to the Thriftway food store at 7000 Asher Ave. I was driving a 1966 Mustang and parked by the phone booth at the Deep Rock Service Station across from the store. I went into the phone booth & Jimmy left the car & took a Jimmy Bar & popped the front door open. Jimmy Collins carried shavings from a Mosler safe with him into the store because the shavings if analyzed would match the shavings or metal from the safe in the grocery store. The safe was locked and Jimmy opened the safe with the combination. Jimmy was with me when I changed the combination & he had the combination. Jimmy got the safe open & there was no money in the safe. Jimmy come out of the store & brought the safe top with him & left the metal shavings near the safe. He got in the car & I drove to Rodney Parham & Reservoir Road where Jimmy got out and threw the safe top into a pond of water on the west side of Reservoir Road. Then we drove off & went home. Jimmy stayed with me that night & worked for me at the store."

Mrs. Robert Davis testified that she and her husband owned the Thriftway Supermarket at 7000 Asher Avenue and that they in connection with their business used the services of Caldwell Safe & Lock Company. After the break-in appellant was called to replace the safe head, and while there he was sympathetic with them and told them that most robberies like that were inside jobs. Mrs. Davis testified that the value of the safe head would be over $100.

James Collins stated he and appellant went from work to appellant's home where they had some drinks. He had with him a paper bag containing some safe cuttings and a long screw driver which he intended to use in burglarizing the Thriftway Supermarket. His intentions were

to go home, borrow his step-dad's car and come back and do the job, but when appellant stopped to make the call he went on and did it. When asked if there was any prior plan or agreement between him and appellant to partici- pate, he answered:

> "Well, there wasn't a plan or an agreement. I asked him what he thought about doing it and he said that I better not do it."

The testimony of the officers was to the effect that divers were unable to find the safe head in the pond pointed out to them. While appellant contends that he was only taking Collins home when he stopped to phone his wife, the fact remains that, notwithstanding his prior conver- sations relative to the burglary, he conveniently stopped near the Thriftway Supermarket, transported Collins to an alleged disposal area, and then returned to appel- lant's home to spend the night. Furthermore, he conversed with Mrs. Davis about the burglary the next day but neglected to mention Collins' conduct. We find the evi- dence sufficient to support appellant's conviction as a principal.

The owner's testimony as to value was sufficient to support the grand larceny charge. See *Polk* v. *State*, 252 Ark. 320, 478 S.W. 2d 738 (1972).

Affirmed.