Vernon Lee CANNON v. STATE of Arkansas

CR 78-180                                    578 S.W. 2d 20

Opinion delivered March 12, 1979
(Division II)

*John W. Achor,* Public Defender, by: *William H. Patterson, Jr.,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Joseph H. Purvis,* Deputy Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Vernon Lee Cannon was found guilty of theft by receiving under Ark. Stat. Ann. § 41-2206 (Repl. 1977) by receiving and retaining a 1955 Chevrolet automobile, the property of Ethel Mae Tanner. The offense was alleged to have occurred on January 30, 1978. It was alleged in the information that the value of the property was in excess of $100. In the trial before the circuit judge, without a jury, Cannon was found guilty and sentenced to five years' imprisonment. Cannon asserts that the trial court erred in refusing to reduce the charge to a misdemeanor, because the evidence was insufficient to support a felony conviction.

We agree that there was no substantial evidence to show that the automobile had a value in excess of $100.00 at the time of the offense. The only witness who testified was the owner. She stated that she paid $148 for the 1955 model car in 1966. She testified that she did not know what its value was or how much it would cost to replace it.

Theft by receiving is a Class B felony if the value of the property is $2,500 or more and a Class C felony if its value is less than $2,500.00 but more than $100.00; otherwise, the offense is a misdemeanor. Ark. Stat. Ann. § 41-2206. In this statute, value means the market value of the property at the time and place of the offense, but if the market value cannot be ascertained, value is the cost of replacing the property within a reasonable time. Ark. Stat. Ann. § 41-2201 (11) (a) and (b) (Repl. 1977).

There is no substantial evidence of either market value or replacement cost in this case. The cost to the owner 12 years prior to the offense cannot be substantial evidence that a 1955 model automobile had a market value of more than $100.00 in January, 1978.

Market value of an automobile is what it will bring on the open market when sold by a willing seller to a willing and able buyer. *Southern Bus Co.* v. *Simpson,* 214 Ark. 323, 215 S.W. 2d 699. It was not necessary, however, that market value be shown by expert testimony. *Boston Insurance Co.* v. *Farmer,* 234 Ark. 1007, 356 S.W. 2d 434. Opinion testimony of the owner would have been admissible and would have constituted substantial evidence if she had known the value of the property. *Phillips* v. *Graves,* 219 Ark. 806, 245 S.W. 2d 394; *Caldwell* v. *State,* 255 Ark. 95, 498 S.W. 2d 858. See also, *Garrett* v. *Trimune,* 254 Ark. 79, 491 S.W. 2d 586; *Arkansas State Highway Com'n.* v. *Covert,* 232 Ark. 463, 338 S.W. 2d 196. Evidence of the purchase price recently paid for the property may be evidence of market value when admitted without objection. *Boone* v. *State,* 264 Ark. 169, 568 S.W. 2d 229 (1978). But see, *Addington* v. *Jones,* 149 Ark. 669, 234 S.W. 24. Original cost, however, is not substantial evidence of market value when, as here, present market value in no way reflects that cost. *U.S.* v. *Toronto, H. & B. N. Co.,* 338 U.S. 396, 70 S. Ct. 217, 94 L. Ed. 195 (1949). Cf. *Arkansas State Highway Com'n.* v. *Hubach,* 257 Ark. 117, 514 S.W. 2d 386.

We do not agree with the state's contention that there was no error because the trial judge applied his own common knowledge and experience in concluding that the requisite value had been shown. A fact finder may apply its common knowledge in weighing the evidence and drawing inferences therefrom in the light of its own observations and experience in everyday life. *Polk* v. *State,* 252 Ark. 320, 478 S.W. 2d 738; *Graysonia-Nashville Lumber Co.* v. *Carroll,* 102 Ark. 460, 144 S.W. 519; *Kroger Grocery & Baking Co.* v. *Woods,* 205 Ark. 131, 167 S.W. 2d 869. Experience and common knowledge are only to be applied to evidence adduced. *Missouri Pacific R. Co.* v. *Benham,* 192 Ark. 35, 89 S.W. 2d 928. This is what we said was proper in *Polk* v. *State,* supra, where there was testimony by an owner as to the value of an automobile. See also, *Rouse* v. *Weston,* 243 Ark. 396, 420 S.W. 2d 83. It is not proper to leave a jury to the individual ideas of the jurors to determine value. See *Kansas City Southern Ry. Co.* v. *Biggs,* 181 Ark. 818, 28 S.W. 2d 68.

We have heretofore rejected the idea that common

knowledge and experience could serve as a substitute for evidence of value which is a necessary element of a crime, insofar as the grade of the offense is concerned, holding that it was as incumbent upon the state in a larceny case to establish a value in excess of the diacritical amount as it was to prove the identity of the thief and the ownership of the property. *Rogers* v. *State,* 248 Ark. 696, 453 S.W. 2d 393. Adoption of the Arkansas Criminal Code has not effected a change in the rules governing evidence of value in theft cases, so our holding in *Rogers* is still applicable.

The state relies not only upon the owner's testimony about the purchase price of her vehicle but upon her unresponsive answer to the question, "You don't know the value of the car today, do you?" Her answer to that question was, "No, but it's worth a thousand dollars to me." Value to the owner is not substantial evidence of market value. See *Arkansas State Highway Com'n.* v. *Perryman,* 247 Ark. 120, 444 S.W. 2d 564; *Motor Mill Co.* v. *Wilson,* 128 Wash. 592, 223 P. 1041 (1924).

There was substantial evidence that the automobile had some value. The punishment for theft by receiving property of a value of $100.00 or less is a term of imprisonment, not exceeding one year in the county jail or other authorized institution designated by the trial court, or a fine not exceeding $1,000.00, or both fine and imprisonment. Ark. Stat. Ann. §§ 41-2206(5)(c), -901, -902(2), -1101(2)(a) (Repl. 1977). There is no contention that the evidence did not warrant a finding that the appellant was guilty of theft by receiving. Any error in the denial of appellant's motion may be corrected by modifying the judgment to reduce it to a term of imprisonment of one year, to be served in the Pulaski County jail (unless the circuit court shall designate another authorized place of imprisonment). All time spent by appellant in custody after the date of his arrest on this charge shall be credited against the sentence as modified. Ark. Stat. Ann. § 41-904 (Repl. 1977).

The judgment is affirmed as modified.

We agree. HARRIS, C.J., and HOLT and HICKMAN, JJ.