James Arthur AUSTIN *v.* STATE of Arkansas

CR 80-38                                      596 S.W. 2d 691
Supreme Court of Arkansas
Opinion delivered April 14, 1980

*John W. Achor,* Public Defender, by: *Jeff Rosenzweig,* Deputy Public Defender, for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

JOHN F. STROUD, Justice. On February 16, 1979, Sharon Cox was driving an automobile owned by the parents of her companion, Leroy Reese, Jr. As Ms. Cox and Mr. Reese rounded a corner, they encountered appellant and his passenger, Pamela Williams, in another vehicle. Ms. Cox and Mr. Reese testified that appellant drew a gun and fired four shots at their vehicle, two of which struck Ms. Cox in the hand and finger. Appellant and Ms. Williams deny this, asserting that Mr. Reese fired the shots at their vehicle and inadvertently wounded Ms. Cox.

On the night of February 18, after Ms. Cox had returned home from the hospital, shots were fired through the front windows of her house. Ms. Cox testified that she heard a car pull up in front of her house and she peeped out the window.

She said there was a street light by her house and she saw the appellant get out of a car and walk toward her house. She "ducked on the floor" just before the shots were fired through the windows. Mr. Reese was present in her home at that time, but he did not observe who had fired the shots. Appellant denies any knowledge of this incident.

Ms. Cox called the police and appellant was arrested and charged with second degree battery for the shooting of Ms. Cox and with aggravated assault for shooting at her home. On June 19, 1979, in a trial without a jury, appellant was found guilty of both offenses and was sentenced to three years imprisonment on each count, with the sentences to be served consecutively. Appellant brings this appeal from the judgment of the trial court, alleging that the evidence was insufficient to sustain the findings of guilty.

Appellant mainly relies on the fact that the trial was somewhat of a "swearing match" as being supportive of his contention that the evidence was insufficient to support the judgment of guilty. Although appellant points out that Ms. Cox admitted on the witness stand that she was a prostitute and Mr. Reese admitted he was a convicted felon, appellant's witness, Pamela Williams, admitted that she worked as a prostitute for appellant. On appellate review, it is firmly established that we consider only that evidence which is most favorable to the appellee and affirm if there is any substantial evidence to support the verdict. *Milburn* v. *State,* 262 Ark. 267, 555 S.W. 2d 946 (1977); *Pope* v. *State,* 262 Ark. 476, 557 S.W. 2d 887 (1977). The victim of the attacks, Ms. Cox, testified that she was certain it was the appellant that shot her on February 16 and fired shots into her house on February 18. Her testimony was corroborated by Mr. Reese. Although appellant and Ms. Williams contradicted the testimony of the State's witnesses, in a criminal case heard without a jury it is up to the trial court to determine the credibility of the witnesses and resolve any conflicts in their testimony. *Horton* v. *State,* 262 Ark. 211, 555 S.W. 2d 226 (1977); *Clark* v. *State,* 246 Ark. 1151, 442 S.W. 2d 225 (1969). Appellant also is in error in his argument that a battery conviction requires the introduction of medical records to prove the injury. Accordingly, we cannot say that the trial court erred in finding

appellant guilty, for the testimony of Ms. Cox and Mr. Reese is sufficiently substantial to support the findings of the court.

Affirmed.