Henry Lee WATSON *v.* STATE of Arkansas

CA CR 80-55                                        609 S.W. 2d 673
Court of Appeals of Arkansas
Opinion delivered December 23, 1980

E. *Alvin Schay*, State Appellate Defender, by: *Linda Faulkner Boone*, Deputy Defender, for appellant.

*Steve Clark*, Atty Gen., by: *Leslie M. Powell*, Asst. Atty. Gen., for appellee.

DAVID NEWBERN, Judge. The main question presented is whether there was substantial evidence that property the appellant was found to have stolen exceeded $100 in value so as to authorize his conviction of felony theft. Ark. Stat. Ann.,

§ 41-2203(2)(b)(i) (Repl. 1977). We find the evidence was sufficient.

The appellant was convicted of stealing a suitcase packed with clothing and sundry items. Evidence showed he took the suitcase from an airport baggage area.

The owner of the suitcase testified as to the price she had determined a replacement suitcase of the same kind would bear ($96), and she testified as to the cost to her of some items such as slightly used cosmetics ($150) and 3 year old shoes ($90). These items, along with others, including a large amount of baby clothing, were in the suitcase when it was taken. She ultimately said the minimum value of the suitcase and its contents would have been $400 to $500.

The appellant finds objectionable the testimony as to the cosmetics, on the ground that the $150 included an undetermined amount of "services" provided by the seller. He contends the evidence with respect to the shoes cannot be considered substantial evidence of a value of over $100, and he contends the evidence as to the replacement value of the suitcase is only admissible if its market value cannot be determined, and there is no showing that market value cannot be determined.

The appellant, however, does not address the testimony of the victim as to her opinion of the cumulative value of the property taken from her. That testimony was admissible and constitutes substantial evidence to support the finding the suitcase and its contents were worth in excess of $100. *Polk* v. *State*, 252 Ark. 320, 478 S.W. 2d 738 (1972). See also, *Caldwell* v. *State*, 255 Ark. 95, 498 S.W. 2d 858 (1973), and *Cannon* v. *State*, 265 Ark. 270, 578 S.W. 2d 20 (1979).

The appellant has also argued that the case should be remanded because the trial judge specified in the judgment that in view of evidence showing this to be the appellant's second offense he must serve one-third of his sentence before he becomes eligible for parole. In *Jones* v. *State*, 270 Ark. 328 605 S.W. 2d 7 (1980), our supreme court held it was error for the court to enter a notation on the judgment that the defend-

ant was "not to be considered for parole." The case was remanded for deletion of the reference to eligibility for parole, because it was held the trial court had no authority to determine how the parole board exercises its prerogative. In the case before us, the trial court has in no way affected the exercise of the board's prerogative because Ark. Stat. Ann. § 43-2807(c)(1) (Repl. 1977), provides specifically that a person sentenced to confinement in the state penitentiary for the second time "shall be eligible for release on parole after having served one-third of the time for which sentenced with credit for good time allowances." The statute further provides that a judge may require one-half of the sentence be served. We find no prejudice to the defendant resulted from the trial court's statement in this respect, and therefore we affirm. *Moore* v. *State*, 262 Ark. 27, 553 S.W. 2d 29 (1977).

Affirmed.