Dean Howard SULLIVAN *v.* STATE of Arkansas

CA CR 90-1                                    798 S.W.2d 110

Court of Appeals of Arkansas
En Banc
Opinion delivered October 31, 1990

*William R. Simpson, Jr.*, Public Defender, by: *Llewellyn J. Marczuk*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Paul L. Cherry*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Dean Howard Sullivan appeals from his conviction at a non-jury trial of the crimes of burglary and theft of property of a value in excess of $2500.00, for which he was sentenced to concurrent eight-year terms in the Arkansas Department of Correction. He contends that the trial court erred in denying him the right to cross-examine a witness concerning an alleged agreement to testify on behalf of the State;

that the evidence was insufficient to sustain a finding that the stolen property was of a value of at least $2500.00; and that the evidence was insufficient to sustain the finding of guilt because he was convicted on the uncorroborated testimony of accomplices. We affirm.

Where the sufficiency of the evidence is challenged on appeal of a criminal conviction, our rule requires a review of that issue prior to consideration of asserted trial error. This rule is based on double jeopardy considerations, which would preclude a second trial where a conviction is reversed for insufficient evidence. In such cases, this court views the evidence, and all permissible inferences to be drawn therefrom, in the light most favorable to the State, and will affirm if there is any substantial evidence to support the findings of the factfinder. *Harris* v. *State*, 15 Ark. App. 58, 689 S.W.2d 353 (1985). Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without having to resort to speculation or conjecture. *Booth* v. *State*, 26 Ark. App. 115, 761 S.W.2d 607 (1989). Hearsay admitted without objection may constitute substantial evidence. *Clemmons* v. *State*, 303 Ark. 265, 795 S.W.2d 927 (1990); *Bishop* v. *State*, 294 Ark. 303, 742 S.W.2d 911 (1988). The fact that evidence is circumstantial does not render it insubstantial. *Sweat* v. *State*, 25 Ark. App. 60, 752 S.W.2d 49 (1988).

When viewed in this light, the evidence indicates that, on January 27, 1989, the home of Maria Stewart was burglarized. The victim testified that a mink coat, VCR, shirt, and fruit were stolen, and that the total value of these items was $2,600.00 to $2,700.00. She further testified that she had purchased the mink coat in 1979 or the early 1980's for $2,200.00 and the VCR in 1987 for $279.00. The victim testified that she found the current price on "coats of that type" to be "anywhere from $3,000.00 to $5,000.00." The victim's coat was later recovered but it was damaged to such an extent that it could not be repaired or restored. There was no evidence as to the value of the shirt, and the victim testified that the fruit was not worth more than two or three dollars.

Donald Wade testified that, on the night of the burglary, he was going to the Boys' Club when he saw Bryan McKnight,

Kenneth Martin, and appellant coming out from behind the club, which was next to the victim's home. Wade stated that he saw McKnight and appellant enter the house and that, when they came out, McKnight was carrying a coat and a VCR. He testified that they all then went to Shannon Handley's house. Shannon Handley testified that that night Donald Wade, Kenneth Martin, Bryan McKnight, appellant's brother, and appellant came to his house. He stated that McKnight was carrying a fur coat and appellant was carrying a VCR. Handley testified that all of them, including appellant, stated that they had broken into a house. He further testified that appellant left his house carrying the VCR.

Prior to trial, appellant gave the police a statement, in his own handwriting, as follows:

> On January 27, 1989, I was with Bryan McKnight when he broke into a house on Stevenson Street. Bryan first went back of the house and returned with a VCR. He then went to another room and got a fur coat and shirt. I don't know who got the strawberries. When we left the house I carried the VCR over to Shannon's house and set it down on the table. That was the last time I seen it. Bryan McKnight threw [the] fur coat and shirt outside.

Appellant's sufficiency argument is two-fold. First, he argues that the evidence is not sufficient to sustain a finding that the stolen property was of a value of at least $2,500.00. We disagree.

Theft of property is a class B felony if the property stolen is worth $2,500.00 or more. Ark. Code Ann. § 5-36-103 (Supp. 1987). Arkansas Code Annotated § 5-36-101(11)(A) (Supp. 1987) defines value as follows: (i) the market value of property or services at the time or place of the offense; or (ii) if the market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the offense. It is well settled that an owner of property is competent to testify as to the value of his own property. *Smith* v. *State*, 300 Ark. 330, 778 S.W.2d 947 (1989). *Cannon* v. *State*, 265 Ark. 270, 578 S.W.2d 20 (1979); *Phillips* v. *Graves*, 219 Ark. 806, 245 S.W.2d 394 (1952). In *Moore* v. *State*, 299 Ark. 532, 773 S.W.2d 834 (1989), the supreme court recognized that there is a point at which the testimony of the property owner as to value does not constitute substantial evidence of the value of the property at the

time of the theft. This case does not present such a situation.

Here, the victim testified, without objection, that the cumulative value of her property was between $2,600.00 and $2,700.00. She stated, without objection, that the value of the VCR was $279.00. She further testified without objection as to what she had paid for the coat, how long she had had it, and the cost of a new coat similar to, though not "exactly" like, the one stolen — all factors that could have been considered by the factfinder in determining the market value of the coat. There was no evidence as to the value of the shirt. From our review of all the evidence before the trial court, we cannot conclude that the finding that the cumulative value of the stolen property was at least $2,500.00 is not supported by substantial evidence. *See Stewart v. State*, 302 Ark. 35, 786 S.W.2d 827 (1990); *Watson v. State*, 271 Ark. 661, 609 S.W.2d 673 (Ark. App. 1980). To hold otherwise, this court would have to make a finding that the victim's testimony as to the cumulative value of her property that was stolen was not credible, and that is not our function.

Second, appellant argues that the evidence was insufficient to find him guilty of burglary and theft of property because such findings were based solely on accomplice testimony. We cannot agree.

We agree with appellant that a conviction for a felony cannot be had on the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the offense. Ark. Code Ann. § 16-89-111 (1987). Ordinarily the question of whether one is an accomplice is a mixed question of fact and law to be submitted to and determined by the factfinder. *Lee v. State*, 27 Ark. App. 198, 770 S.W.2d 148 (1989); *Woodward v. State*, 16 Ark. App. 18, 696 S.W.2d 759 (1985).

Here, both Handley and Wade denied any participation in the burglary, stating only what they had observed others doing that night. Even according to appellant's argument, the only evidence possibly linking Wade to the crime was Handley's statement that Wade was one of the people who came over to his house and that they all said that they had broken into a house. The only evidence possibly connecting Handley to the crime was the fact that he informed the police of where the coat had been

discarded. From our review of the record, we cannot conclude that either of these witnesses should be held to be an accomplice as a matter of law or that a finding that neither was an accomplice to the crime is not supported by substantial evidence. Furthermore, appellant's own written statement given to the police and introduced into evidence, at the very least, connected appellant with the offenses.

Appellant also contends that the trial court erred in denying him his right to cross-examine a witness concerning an agreement to testify on behalf of the State. On cross-examination, Handley was questioned about any "deal" that he might have made with the prosecuting attorney in return for his agreement to testify. The trial court sustained the State's objection, and appellant's counsel then stated for the record that Handley would answer that he had agreed to appear and testify in exchange for a favorable disposition on another charge pending against him.

■ We agree that evidence of guarantees of immunity or promises of leniency or other considerations given to a prospective witness are proper subjects of cross-examination, and the denial of that right may violate constitutional guarantees of confrontation. *Delaware* v. *Van Arsdall*, 475 U.S. 673 (1986); *Klimas* v. *State*, 259 Ark. 301, 534 S.W.2d 202 (1976); *Guinn* v. *State*, 27 Ark. App. 260, 771 S.W.2d 290 (1989). However, the fact that it might have been error to deny the right to cross-examine on that subject does not necessarily mandate reversal. The denial of the right of cross-examination on such issues, like any other trial error, is subject to being found harmless under the circumstances of the particular case. *Delaware* v. *Van Arsdall, supra*; *Klimas* v. *State, supra*; *Guinn* v. *State, supra*. In *Delaware* v. *Van Arsdall*, the Supreme Court of the United States stated:

> Whether such an error is harmless in a particular case depends upon a host of factors, all readily accessible to reviewing courts. These factors include the importance of the witness' testimony in the prosecution's case, whether testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case.

*Van Arsdall*, 475 U.S. at 684.

█ Here, Handley's testimony was, for the most part, cumulative of the testimony of other witnesses. Wade testified that he saw appellant go into the house with McKnight and that when they came out McKnight was carrying a fur coat and a VCR. Wade further corroborated Handley's testimony that all of them then went to Handley's house. In his handwritten statement, which was read into evidence, appellant admitted that he was with McKnight when he broke into the house and that he carried the VCR to Handley's house. We also note that this case was a bench trial and that the judge, while preventing any interrogation regarding the details of any agreement between the witness and the prosecuting attorney, indicated that he understood the credibility issue. From our review of the record, it appears that the evidence of guilt, which includes appellant's own admissions, was overwhelming. When all of the facts are considered, we cannot conclude that the error was more than harmless.

Affirmed.

WRIGHT, Acting C.J., and COOPER and ROGERS, JJ., dissent.

ERNIE E. WRIGHT, Acting Chief Judge, dissenting. This sixteen-year-old first offender was involved with some other youths in the burglary of a home and theft of property valued at $2,500.00 or more from the home. Appellant was sentenced to concurrent eight-year terms on each of the two convictions. I concur with the prevailing opinion stemming from an equally divided court with the exception of the disposition on appeal as to the degree of theft.

In my view the conviction of theft of property of a value of $2,500.00 or more is not supported by substantial evidence, although the evidence does support a conviction of theft of property of the value of more than $200.00 but less than $2,500.00, a Class C felony.

The theft occurred in January 1989. The only evidence of value was the testimony of the owner. She testified to the total value of the items stolen, which included a ten-year-old, three-quarter length mink coat, a VCR, and a quart of strawberries. However, she failed to provide a reasonable basis for the total

value. When she was questioned as to values by item, she testified the fur coat she purchased in 1979 or 1980 had a value of $2,200.00, the amount of the original purchase price. She assigned a value of $279.00 for the VCR based on the purchase price some two years prior to the theft. She did not state a value for the quart of berries but when asked the question, "[w]e are not talking about anything over $2.00 or $3.00?" her answer was "[n]o." Although there was no evidence of anything else having been stolen, she stated, "[t]he police said later that a shirt was missing from my son's bedroom." She offered no testimony as to the value of the shirt and there is no substantial evidence appellant or his accomplices took the shirt. The owner testified she had priced some new coats of the same type and the prices for them ranged from $3,000.00 to $5,000.00. There was no evidence the market value of the ten-year-old coat could not be ascertained; and there was no evidence of what the cost would be to replace the coat with a similar ten-year-old coat.

As the VCR had been purchased for $279.00 fairly recently prior to the theft that would be substantial evidence of its market value. However, the cost of $2,200.00 for the fur coat purchased some ten years prior to the theft would not be substantial evidence of its market value. In *Moore* v. *State*, 299 Ark. 532, 773 S.W.2d 834 (1989), our supreme court reversed for insufficiency of the evidence. In *Moore*, the owner of a stolen car testified she paid $3,600.00 for the car in 1985 and that it was still worth what she paid for it. We know that the time at which she purchased the car would be some four years prior to the decision on appeal and would have been a lesser time prior to the alleged offense. The court said: "[w]e cannot, however, find sufficient evidence that the value of the car was in excess of $2,500." *See also, Cannon* v. *State*, 265 Ark. 270, 578 S.W.2d 20 (1979) and *Rogers* v. *State*, 248 Ark. 696, 453 S.W.2d 393 (1970).

I would reduce the conviction for theft of property of the value of $2,500.00 or more to a theft of property having a value of more than $200.00 but less than $2,500.00, a Class C felony, and reduce the sentence to three years on the theft charge.

COOPER, J., joins in this dissent.

JUDITH ROGERS, Judge, dissenting. The majority cites *Moore* v. *State*, 299 Ark. 532, 773 S.W.2d 834 (1989), for the

proposition that the supreme court recognized that there is a point at which the testimony of the property owner as to value does not constitute substantial evidence. They then go on to state "this case does not present such a situation". I respectfully disagree.

In the *Moore* case, the supreme court reversed a class B felony conviction based on the theft of a 1980 oldsmobile 98 car. There, the owner testified that she had paid $3,600 for the used car in 1985, which was three years prior to the trial date. The court stated, "We do not question the propriety of admitting Ms. Newsome's testimony as to her opinion of the car's value, despite the remoteness in time of her purchase, absent objection to that testimony." The court held, however, that even without objection, the evidence was insufficient to sustain the verdict.

The majority makes much of the fact that there was no objection challenging the competency of the owner's value testimony in this case. However, as in *Moore*, the question does not involve the propriety of admitting the evidence, but rather the issue is whether the testimony constitutes substantial evidence that the value of property was $2,500 or more.

Here, the victim testified that she had purchased the fur coat for $2,200 as early as 1979 or as late as 1982, approximately ten years before the coat was stolen. The trial court obviously did not accept the testimony of the purchase price as representing the market value of the fur coat, for if it did, the cumulative value of the property stolen would not amount to $2,500. The court then must have considered the victim's testimony purporting to be the "replacement value" of the property. In this regard the victim testified that she did not find any coats exactly like hers, but that the current prices of coats of the same type could be purchased new from anywhere between $3,000 and $5,000. I fail to see how this evidence can sustain a class B theft conviction.

Surely, a fungible item, like used clothing, possessing no unique characteristics, is not inherently more valuable after ten years of use. Consequently, the replacement value of an old, used fur coat cannot be determined by comparison with the purchase price of a brand new coat, which, incidentally, inflates the value of the stolen property in this case. It is the owner's present interest in the property that the law seeks to protect, *Hughes* v. *State*, 3 Ark. App. 275, 625 S.W.2d 547 (1981); the replacement cost in this

instance is simply not reflective of market value. Furthermore, the statute provides that *"If* the market value cannot be ascertained, the cost of replacing the property within a reasonable time after the offense" can constitute evidence of market value. Ark. Code Ann. § 5-36-101(11)(A)(ii) (Supp. 1989). Here, there is no indication from the record that the market value could not be ascertained. In *Moore, supra*, the court reiterated that it was the state's duty to establish the market value of stolen property, and that this obligation was just as important as its duty to establish the identity of the thief. In my view, the state did not carry its burden based on the evidence presented. Experience and knowledge can only be applied to evidence adduced. *Cannon* v. *State*, 265 Ark. 271, 578 S.W.2d 20 (1979). This is such a case where the owner's testimony does not constitute substantial evidence that the value of the property was at least worth $2,500.

COOPER, J., joins in this dissent.