Gaylon Hardy BREEDEN *v.* STATE of Arkansas

CA CR 80-19                                      603 S.W. 2d 459
Court of Appeals of Arkansas
Opinion delivered September 3, 1980

*Guy H. Jones, Phil Stratton, Guy Jones, Jr. and Casey Jones* for appellant.

*Steve Clark*, Atty. Gen., by: *Dennis R. Molock*, Asst. Atty. Gen., for appellee.

Ernie E. Wright, Chief Judge. The appellant Gaylon Hardy Breeden was charged by information in the Faulkner Circuit Court with second degree battery for violation of Ark. Stat. Ann. § 41-1602 (Repl. 1977) by feloniously causing physical injury to a law enforcement officer, Ronnie Joe Fowlkes, with the purpose of preventing him from acting in the line of duty. A jury trial resulted in his conviction for the lesser included offense of third degree battery, a Class A misdemeanor under § 41-1603, and a nine months jail sentence was imposed.

He appeals from the judgment asserting for reversal four points which are hereinafter separately discussed.

First, appellant contends various remarks of the trial court were prejudicial to him.

Early in the trial during cross examination of the prosecuting witness Fowlkes, city marshal of the town of Enola, defense counsel inquired whether he had requested the sheriff to make him a deputy. The court sustained the objection to the question after defense counsel stated the purpose of the question was to test the witness' credibility. Defense counsel moved for a hearing in chambers to make a record as to the court's ruling. The court and attorneys proceeded to chambers where statements were made by the attorneys and trial judge as follows:

> MR. JONES: That many questions expected to be made by counsel for defendant in this cause will go solely to the credibility of this witness, and upon beginning this line of questioning the trial judge instructed the counsel for defendant that the questions regarding and going solely to the credibility of this witness would not be permitted.

THE COURT: That's not the truth. That comes under the heading of a goddamn lie. That's not what I said at all.

MR. COURTWAY: Judge, it's my understanding of the Court that the objection I made was only to Senator Jones making references to prior attempts of Mr. Fowlkes to be made a deputy sheriff of Faulkner County.

THE COURT: You've gotten your answer out of the witness; don't belabor it. The witness answered your question.

MR. JONES: It was my absolute understanding — I made the remark to the Court, "these questions go solely to the credibility of the witness," and the Court sustained the objection.

THE COURT: I did. You asked the man if he made application and he said no.

MR. JONES: I thought he said he may have.

THE COURT: All right. You've got your answer.

MR. JONES: But I was going into other fields of credibility, and it's my understanding the Court said no.

THE COURT: You know better than that. I don't believe a thing you're telling me right now. I know you can attack the credibility of a witness, and you know you can attack the credibility of a witness.

MR. JONES: But in this case I thought the statement had been made I couldn't go into the questions.

THE COURT: I don't believe you thought that. You can attack the credibility of a witness. I'm going to pass on each one as they come.

MR. JONES: I think, Judge, the record should show

that I withdraw any part of this motion — all and any part of it.

THE COURT: You're going to withdraw it?

MR. JONES: Yes, sir.

THE COURT: All right.

We conclude the trial court was correct in sustaining the objection to the question. The question did not involve an issue in the case and the subject had not been raised in the testimony in chief. Therefore, the credibility of the witness could not be attacked by an inquiry into an irrelevant area. Although the remarks occurred outside the presence of the jury and it is not shown that appellant was prejudiced, we make it clear that even though the trial judge was correct in his ruling, the intemperate remarks made by the trial judge to counsel for appellant were highly inappropriate and have no proper place in a judicial proceeding.

Appellant argues certain other comments made by the trial judge to counsel for appellant in the presence of the jury were prejudicial. While defense counsel was examining a defense witness, Robert Hardin, he inquired when the witness had talked to the prosecuting attorney about the case and upon the witness answering, "Yesterday," defense counsel inquired when he had talked to the prosecuting witness Fowlkes about the case. The witness answered, "Yesterday evening", and stated they talked about how the fight started and went. Defense counsel then inquired whether Fowlkes agreed with the witness' version of the incident out of which the charges arose. Upon the witness answering that some of it did; and some didn't, the following occurred:

THE COURT: I'm going to stop you right there, Mr. Jones. I'm going to admonish the jury that any good attorney is going to discuss with witnesses on both sides of the case before it's heard what their testimony is likely to be in the courtroom.

I feel like an effort is being made here to use the normal practices of an attorney to make it appear as if something improper is going on and it is not. And I'm going to tell you, Mr. Jones, to get off that particular topic.

MR. JONES: Judge, what about the prosecuting witness? Are you including him in the attorney relationship?

THE COURT: I assume that the State of Arkansas must deal through a prosecuting witness on the commission of any crime or the alleged commission of a crime.

MR. JONES: So you do not — your order is that I refrain from going into any contacts Mr. Fowlkes may have made with witnesses.

THE COURT: If, in fact, there is something pertinent to the issue at hand, you may bring it out.

MR. JONES: Judge, the only way I can is through these witnesses.

THE COURT: The fact that the other side has talked to your witness, Mr. Jones, is standard procedure getting ready for the trial of the case. Now I want that understood. It's improper for us to go into it at trial time, and I want to get onto something that's pertinent to this case.

MR. JONES: I must, out of duty to my client, I will have to save my exceptions to the ruling of the Court about discussions with witnesses and what was said by others than counsel.

Unquestionably the trial judge has authority to exercise reasonable control over the trial to the end that it proceed efficiently and in keeping with the law and ends of justice. However, such control must not be exercised in such manner as to express an opinion concerning a fact in the presence of the jury. Article 7 §23, of our constitution prohibits a judge

from charging a jury with regard to matters of fact. The comment of the judge in the presence of the jury, "I feel like an effort is being made here to use the normal practices of an attorney to make it appear as if something improper is going on and it is not, and I'm going to tell you, Mr. Jones, to get off that particular topic," constituted an expression of the trial judge of his personal opinion relating to factual matters and the motives of defense counsel in asking certain questions. We do not suggest that it is erroneous for the trial judge to inform or instruct the jury that the law does not prohibit attorneys from talking to witnesses on the opposing side nor prohibit witnesses on opposing sides from talking to each other prior to trial. The error here requiring reversal is the trial judge expressing his personal opinion in such a way as to constitute a comment on the facts and on the motives of defense counsel. *Dunfee et al* v. *State*, 242 Ark. 210, 412 SW 2d 614 (1967); *Walker* v. *State*, 253 Ark. 676, 488 SW 2d 40 (1972).

Appellant next contends for reversal the court erred in overruling appellant's objection to the prosecuting witness remaining in the courtroom during the trial after he had testified and after the court had placed all witnesses under the rule pursuant to motion by the state.

Rule 615 of the Uniform rules of Evidence reads as follows:

At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party that is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause.

As pointed out in *Chambers* v. *State*, 264 Ark. 279, 571 SW 2d 79 (1978), the rule uses the word "shall" in requiring the exclusion of witnesses from the courtroom at the request of a party and must be construed as mandatory. The rule makes an exception as to a person whose presence is shown by a par-

ty to be essential to the prosecution of his cause. There was no assertion or showing by the state the prosecuting witness was essential to the prosecution of its case. The prosecuting attorney only commented, "Your Honor, we are entitled to have the prosecuting witness."

The Attorney General states in his brief, "The appellee does not question that the prosecuting witness should have been excluded under the rule." However, appellee argues the prosecuting witness was the first witness, all other witnesses were then excluded from the courtroom, the witness heard no evidence that could have influenced his testimony, and the error .was harmless. In oral argument appellant contends it was unfair and prejudicial to allow the young witnesses for appellant who were residents of the community where the prosecuting witness is the city marshal to be confronted by the officer while testifying, and that his presence may well have affected their testimony.

The established rule is that error is presumed to be pre-judicial unless it is affirmatively shown otherwise. We are unable to say appellant under the circumstances was not prejudiced by the presence of the prosecuting witness in the courtroom, and therefore reverse. *Chapman* v. *State*, 257 Ark. 415, 516 SW 2d 598 (1974).

Appellant contends the court erred in overruling the appellant's motion to dismiss on the grounds of double jeopardy and collateral estoppel.

The argument is based on the circumstances that appellant had been convicted in municipal court of aggravated assault, a misdemeanor, upon State Trooper Vickers, under Ark. Stat. Ann. §41-1603. The conviction in municipal court arose out of an occurrence on the same date as the alleged assault upon Officer Fowlkes, but at another place. Appellant's contentions are grounded primarily on the fact that Officer Fowlkes had testified in the municipal court case as to the condition and actions of the appellant in the earlier incident involving Fowlkes.

After carefully examining the record we conclude it does

not support appellant's contention the trial in the circuit court placed appellant upon trial for the same conduct for which he was tried in municipal court. He was convicted in municipal court for a battery against State Trooper Vickers. The trial in circuit court was for an alleged assault upon Officer Fowlkes at an earlier time and a different place. In *King v. State*, 262 Ark. 342, 557 SW 2d 386 (1977), the court stated the rule as follows:

> It is well settled that the test, as to whether offenses constitute a continuing offense, is whether the individual acts are prohibited or the course of action which they constitute. If the former, as here, then each action is punishable separately.

It is clear from the record the alleged assault upon Officer Fowlkes would be an act punishable separately and independently of any subsequent assault upon Officer Vickers at a different place.

Finally, appellant contends the court erred in failing to give appellant's requested instruction number 1, AMCI 2804, which concerns the burden upon the state to prove beyond a reasonable doubt the appellant knowingly employed physical force against a law enforcement officer engaged in the performance of his duties. AMCI 2804 is an appropriate instruction to be given incident to a prosecution for violation of Ark. Stat. Ann. §41-2804, Interference with a Law Enforcement Officer. Appellant was not charged with violation of §2804 nor was he convicted of that offense. Appellee's brief shows the court properly instructed the jury as to the burden of proof and elements required before the jury could convict under §41-1602, battery in the second degree, and lesser included charges. The jury found the appellant guilty only of battery in the third degree which does not require as an element any offense against a law enforcement officer. We find no error in the refusal of the court to give appellant's requested instruction.

Reversed and remanded.