James Dean GAGE *v.* STATE of Arkansas

CR 87-215 748 S.W.2d 351

Supreme Court of Arkansas
Opinion delivered May 2, 1988

*Phil Barton*, for appellant.

*Steve Clark*, Att'y Gen., by: *C. Kent Jolliff*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, James Dean Gage, was convicted on two counts of sale of marijuana and one count each of possession of marijuana with intent to deliver, possession of methamphetamine with intent to deliver, and being a felon in possession of a firearm. He was sentenced as an habitual offender to 37 years imprisonment. His sole argument is that a witness was allowed to give hearsay evidence against him. We conclude that even if the evidence in question were hearsay, it would not justify reversal of the conviction in view of the overwhelming evidence of guilt.

An undercover state police investigator testified he purchased marijuana from Gage on two occasions at Gage's residence. The Sevier County Sheriff testified he and other officers went to the Gage residence with a search warrant. They searched the house and found there the drugs and firearms which were seized. Gage and a woman were at the house when the search took place. The state produced some 74 exhibits including the drugs mentioned above, various containers and drug paraphernalia, weapons such as brass knuckles and numb chucks, and a number of rifles and pistols which, with the exception of one pistol, were loaded when found, and extra ammunition. Gage did not challenge the introduction of these exhibits except to ask chain of custody questions on cross-examination.

The alleged hearsay occurred when the sheriff testified on redirect examination that when the officers were on their way to Gage's house to execute the search warrant they stopped a truck and found a person in the truck in possession of drugs. The sheriff testified the occupants of the truck had been to Gage's house just

before the truck was stopped. On cross-examination, the sheriff was asked if he had learned the truck was coming from Gage's residence from someone other than Gage, and he said he had. Gage's counsel asked that this testimony of the sheriff be stricken as hearsay.

 We will bypass the state's argument that the statement was not hearsay, that if error occurred it was invited, and that there was no timely objection. We need not consider these arguments because the other evidence against Gage was so overwhelming, and we have held that even an error of constitutional proportions will not require reversal if it is harmless beyond a reasonable doubt. *Thomas* v. *State*, 289 Ark. 72, 709 S.W.2d 83 (1986). Gage has not demonstrated that, given error in the admission of the testimony, prejudice resulted, in view of the overwhelming nature of the other evidence against him. *See Snell* v. *State*, 290 Ark. 503, 721 S.W.2d 628 (1986), *cert. denied*, 108 S. Ct. 202 (1987); *Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984), *cert. denied*, 470 U.S. 1085 (1985).

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The recent cure-all theory that "the evidence of guilt is overwhelming" is a blight and parasite on the laws and the Constitution. In street language it is a "cop-out." It is a cancer which should be exorcised here and now. It is a step away from our traditional claim to be a nation of laws.

This dissent is not entirely triggered by this particular decision. In fact the majority opinion relies upon the case of *Thomas* v. *State*, 289 Ark. 72, 709 S.W.2d 83 (1986) stating: "We need not consider these arguments because the other evidence against Gage was so overwhelming, and we have held that even an error of constitutional proportions will not require reversal if it is harmless beyond a reasonable doubt." It is this cavalier attitude which troubles me. Somehow this attitude seems to ignore the constitutional and statutory rights of an accused.

I realize there is another side to every argument. In this case the other side, is no doubt, judicial economy and costs to the state. The simple answer to that argument is to do it right in the first place. If a trial is conducted correctly (I do not mean perfectly), there is no waste of taxpayers' money or judicial resources, and,

most importantly, no excuse to utter the hollow words — "the evidence of guilt is overwhelming."

An error as serious as a confession obtained by chicanery or even torture could be ignored under this theory. Constitutional rights are admittedly ignored by the courts if in the opinion of the court (serving as super-jurors) the accused is guilty. Indeed a society that trades a little liberty for a little order will deserve neither and will lose both.

I almost forgot to mention the point which I consider reversible error. The sheriff gave hearsay and conclusory testimony that the sheriff's department had found drugs in a vehicle which was coming from the appellant's house. The sheriff had no personal knowledge that the vehicle had in fact even been at the appellant's house. It was coming from the direction of the appellant's residence and the vehicle had drugs in it. That is all the sheriff should have been allowed to state. The testimony as given leads to but one conclusion — the sheriff, no doubt an influential man, believed the appellant sold these drugs.

How can anyone be so certain that the jury might not have reached a different result had they not had the sheriff's opinion before them that the appellant had indeed sold these drugs? Without this opinion the sheriff's testimony would have essentially been that he went directly to the appellant's residence where he found neither marijuana growing nor drugs being manufactured, and that he did not know if the vehicle in which the drugs were found had even been to the appellant's house. This latter version might have had a real impact on jury deliberation. Certainly the proper testimony would have been less harmful and would not have ignored the law.

So long as we label defects in trials as "harmless constitutional error," there is no incentive on the part of the state or the courts to follow the law or rules of evidence. Unless we insist on at least substantial compliance with the law and the rules, we might as well consider them to be mere guidelines which should be followed during the trial, unless the court or the state thinks it is too much trouble.

This case should be reversed and remanded for a trial which is conducted in accordance with the applicable law and rules.