Warren MOORE *v.* STATE of Arkansas

CR 89-37                                     773 S.W.2d 834

Supreme Court of Arkansas
Opinion delivered July 17, 1989

*David Solomon,* for appellant.

*Steve Clark,* Att'y Gen., by: *Olan W. Reeves,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Warren Moore, the appellant, was convicted of kidnapping and theft of property valued in excess of $2500. We reverse the convictions because the trial court allowed the police officers who had testified against Moore to sit inside the railing in the courtroom, in a place normally reserved for parties, directly in front of the jury during the closing arguments. Moore has questioned the sufficiency of the evidence with respect to both offenses of which he was convicted. We find the evidence of the kidnapping was sufficient as was the evidence

that he stole Ms. Newsome's car; however, we find the evidence insufficient as to the value of the automobile he was accused of having stolen. We will address the sufficiency of the evidence points first. *Harris* v. *State,* 284 Ark. 247, 681 S.W.2d 334 (1984). Moore has also questioned (1) whether the court erred in denying his motion to dismiss the kidnapping charge on the ground that the same "force" was used to steal the car and to effect the kidnapping, (2) whether the court erred in refusing to suppress his inculpatory statements, and (3) whether it was an abuse of discretion to make his sentences consecutive rather than concurrent. We find no error in these points, and in view of our decision to reverse we will address them only to the extent necessary to give guidance for retrial.

The evidence supporting the convictions was as follows: Iva Newsome parked her car in front of a Piggly Wiggly store in West Helena. She left the motor running, and left her eight-year-old daughter, Nessuna, and her 20-month-old daughter, Akelia, in the car while she went into the store. Moore got into the car and, while he was backing the car away from the parking place, Nessuna was able to jump out and run into the store to get her mother's help. Nessuna testified that she tried unsuccessfully to rescue her little sister but Moore was "grabbing" at Akelia's legs.

Later the same evening Moore appeared at a tavern where he told Mr. Gause, a customer at the tavern, he had walked all the way from Forrest City. Moore left the tavern on foot. Gause also left and noticed a car with its lights on and motor running. Gause suspected Moore might have had something to do with the car. He followed Moore in his truck and picked him up. He drove toward the West Helena police station where he intended to turn Moore in. Before they reached the station, Moore jumped out and ran. He was caught by the West Helena police shortly after Gause told them what had happened.

Akelia was found wandering in the middle of a road by Mr. and Mrs. Vincent who took her to their home after trying unsuccessfully to find her home near where they picked her up. They called the police, and Akelia was reunited with her mother that evening.

Commander Bob Chisnall of the West Helena police testified that, as he was escorting Moore to an interview room, Moore

stated "he didn't know why he took the kid," and that he just needed a ride to Forrest City. Chisnall then told Moore not to say anything else until he had been told his rights. Although Moore refused to sign a written statement after having been read his rights, other officers, Detective Williams and Lieutenant Goings, testified that Moore admitted in their presence and in the presence of Chisnall that he had taken the car and let the child out by the side of the road.

Mrs. Newsome testified that her car was a 1980 Oldsmobile 98 for which she paid $3600 in 1985. She testified it was still worth what she paid for it. She had spent "$150.00 something" to have the transmission repaired after this incident which occurred on July 15, 1988. No other evidence of the value of the vehicle was introduced.

After the instructions had been given to the jury and before the closing arguments, Moore's counsel asked the court to have the three police officers who had testified seated among the other spectators rather than at the place normally reserved for parties which was directly in front of the jury. The motion was denied.

The jury returned verdicts of guilty and recommended sentences of 30 years for kidnapping and 20 years for theft. Moore's counsel asked that the sentences be served concurrently. The court ruled that the sentences would be consecutive.

## 1. Sufficiency of the evidence

■ The evidence of Moore's guilt of kidnapping was sufficient. He was identified by Nessuna as the person who got in the car with her and Akelia and drive it away with Akelia still in it. As we will note below, Moore's statements to the police, which were tantamount to confessions, were admissible. When combined with the direct identification, and the corroborating testimony of Mr. Gause and the Vincents, the evidence of guilt of kidnapping becomes overwhelming.

■ Moore contends in a separate point that the kidnapping charge should have been dismissed on motion because no force was used other than sufficient force to steal the car. To agree, we would have to ignore the testimony of Nessuna to the effect that Moore was grabbing at Akelia's legs as Nessuna tried to rescue her. Moore cites *Summerlin* v. *State*, 296 Ark. 347, 756 S.W.2d

908 (1988), on this point to no avail. That case dealt with the amount of force necessary to commit both rape and kidnapping. The crime of theft requires no force, and we have no doubt the evidence was sufficient to show Moore used the force necessary to deprive Akelia of her liberty.

■ The evidence of guilt is equally overwhelming with respect to the theft by Moore of Iva Newsome's automobile. Moore argues there was no showing that he intended to "deprive" Ms. Newsome of her car. The argument apparently is that he only intended to use it temporarily and that does not constitute deprivation. We cannot agree. The theft statute, Ark. Code Ann. § 5-36-103(a)(1) (Supp. 1987) makes no exceptions for temporary deprivation. The evidence clearly supports the conclusion that Moore intended to deprive the owner of the car for at least the time he was in possession of it and perhaps longer, as he did not exactly return it to her himself.

We cannot, however, find sufficient evidence that the value of the car was in excess of $2500. According to Ark. Code Ann. § 5-36-103 (Supp. 1987), theft of property is a class B felony if the property stolen is worth in excess of $2500. For a class B felony, the sentencing range is not less than five years nor more than 20 years imprisonment. Ark. Code Ann. § 5-4-401(a)(3) (1987). Moore was sentenced to the maximum 20 years.

In *Tillman* v. *State*, 271 Ark. 552, 609 S.W.2d 340 (1980), the appellant contended it had not been shown that a television set he was found to have stolen was valued in excess of $100. We wrote:

> Wendel Fleming, its owner, testified that it was a 19-inch Sears color set he had purchased a year and a half prior to its theft, that the purchase price was $476, that he had never had any operational problems with it and that it was in good condition when stolen. The purchase price paid by the owner is admissible as a factor for the jury to consider in determining market value, when it is not too remote in time and bears a reasonable relation to present value. *Williams* v.*State*, 252 Ark. 1289, 482 S.W.2d 810 [1972]. This was the only evidence of value. Appellant contends that, because the set had been used for a year and a half, evidence of the purchase price was not substantial evidence

of a market value of $100, relying upon *Cannon v. State*, 265 Ark. 270, 578 S.W.2d 20 [1979]. In that case a 1955 model automobile had been stolen. It had been purchased 12 years before the theft for $148. Naturally we held this did not show value of $100 at the time of the theft. The situation is entirely different. Unlike the situation in *Cannon*, where the automobile was 23 years old and the purchase so remote in time, here the evidence of value was not so remote and was substantial.

In the *Cannon* case we pointed out that the state's duty to establish the value of the car was just as important as its duty to establish the identity of the thief and the ownership of the property. We do not question the propriety of admitting Ms. Newsome's testimony as to her opinion of the car's value, despite the remoteness in time of her purchase, absent objection to that testimony. *Boone v. State*, 264 Ark. 169, 568 S.W.2d 229 (1978).The question here is whether it constituted substantial evidence that the car was worth more than $2500.

The question is a close one; much closer than the question whether a television set purchased a year and a half ago for $475 would be worth more than $100. The discussion quoted from the opinion in the *Tillman* case shows that there is a point at which this court will hold the testimony of the owner of property as to its value does not constitute substantial evidence of its value at the time of the theft. In the *Cannon* case the state argued the jury's determination that the car was worth more than $100 should have been sustained because the jurors obviously applied their common knowledge. We held that jurors may not be left to their common knowledge of such matters. It is clear, however, that some element of judicial notice was applied in the *Tillman* case where we wrote that the case of a car purchased 12 years earlier was "naturally" different from that of a television purchased one year and a half earlier. We cannot take judicial notice here that "naturally" the evidence here showed a value in excess of $2500 of an eight year old car.

### 2. Policemen seated before the jury

In response to Moore's argument that it was improper and prejudicial to permit the West Helena policemen who had

testified against him to sit within the rail in a place normally reserved for parties during the closing arguments, the state argues the court found the policemen would give the court needed security because there was a rumor about an escape attempt. No such finding has been abstracted by either party. Even if we could consider it, it would have been a very thin reason, given Moore's contention that the policemen were not even in the courtroom during the testimony of other witnesses.

Although we cannot say for certain this obvious ploy of seating the police witnesses in the manner described amounted to a deliberate attempt to intimidate the jury, we can and do hold it was improper. The resulting prejudice seems clear in that the jury gave the maximum sentences for kidnapping and theft to a first offender.

■■ While it is within the prerogative of the judge to determine the seating arrangements in the courtroom, *Webster* v. *State*, 284 Ark. 206, 680 S.W.2d 906 (1984), the judge may not take precautions in the name of security which result in prejudice to the defendant. *Sirratt* v. *State*, 240 Ark. 47, 398 S.W.2d 63 (1966). This case presents the appearance of manipulation of the seating arrangement so as to keep the presence and testimony of certain witnesses, but not others, before the jury. We take every precaution in this jurisdiction to keep the court from commenting on the evidence. Ark. Const. art. 7, § 23; *Tandy Corp* v. *Bone*, 283 Ark. 399, 687 S.W.2d 312 (1984); *Breeden* v. *State*, 270 Ark. 90, 603 S.W.2d 459 (1980). In *Watkins* v. *State*, 222 Ark. 444, 261 S.W.2d 274 (1953), we noted that where a judge, by language or conduct expresses an opinion as to the credibility of a witness there is a palpable violation of our constitution. There we cited and quoted from several cases stating that "remarks *or conduct*" (emphasis added) expressing or intimating the opinion of the judge as to the credibility of a witness constitutes error.

■ We have found no case where we have held the actions of the court, as opposed to its words, amounted to a comment on the evidence. Here, however, we cannot ignore the truism that actions speak louder than words. The motion to have the policemen moved behind the rail where they could sit with other spectators should have been granted, and we hold it was prejudicial error to have overruled it.

### 3. Suppression of statements

■ Moore's statements were made while he was in police custody. He contends they were not made voluntarily. We have, therefore, independently examined the totality of the circumstances and concluded they were voluntary. There is no allegation of police coercion. The only clear argument Moore makes on this point is that it is "unlikely" he would have made statements amounting to confessions of the crimes charged under the prevailing circumstances. We find that argument unconvincing. Absent any allegation or proof of coercion, we find the statements were voluntarily made. *Colorado* v. *Connelly*, 459 U.S. 157 (1986); *Munnerlyn* v. *State*, 292 Ark. 467, 730 S.W.2d 895 (1987).

### 4. Consecutive sentences

■ While the trial judge gave no reason for making the sentences consecutive other than "the evidence," we cannot say he abused his discretion. Moore argues lack of evidence of prior convictions and the lack of a presentencing report. No authority is cited showing that sentencing should be controlled by either of these facts. Sentences are served concurrently unless the court specifies they are to be consecutive. Ark. Code Ann. § 5-4-403(a) (1987). While there are some statutory limits on the court's discretion, § 5-4-403(b) and (c), they do not apply in this case.

### Conclusion

The kidnapping conviction and the theft conviction are reversed because of the error in allowing the policemen to remain inside the rail during closing arguments. Moore may be retried on both charges; however, he may not be retried for theft charged as a class B felony, given the failure in the first trial of evidence showing the value of the automobile to have been in excess of $2500.

Reversed and remanded.

HOLT, C.J., concurs.

HICKMAN, HAYS and GLAZE, JJ., dissent.

JACK HOLT, JR., Chief Justice, concurring. I share the majority's concern over the trial court permitting three West

Helena police officers, who had previously testified at trial, to sit within the railing directly facing the jury. These former witnesses were not officers of the court but were city officers attending trial outside their jurisdiction. (Phillips County Circuit Court is located in Helena, not West Helena.) The officers were not deputized, nor were they stationed in the courtroom as bailiffs. Their placement in the face of the jury was for the purpose of intimidation rather than "security," as claimed by the state.

Even though the evidence of guilt as to the kidnapping was overwhelming and, perhaps, as to the theft of property sufficient, we must concern ourselves with the question of what effect did the officers' intimidation have on the jury in regard to sentencing of the appellant. The answer can be found in the jury's assessment of sentence. As noted by the majority, the jury gave the maximum sentence for kidnapping and theft of property even though the defendant was a first offender.

The majority states, "The resulting prejudice seems clear . . . ." I agree. See *White* v. *State of Arkansas*, 298 Ark. 163, 765 S.W.2d 949 (1989) (Holt, C.J., dissenting).

TOM GLAZE, Justice, dissenting. I dissent as to that portion of the opinion reversing the kidnapping and theft convictions.

First, the majority accepts without question the assertion of appellant that he was prejudiced because the police officers who testified against him were allowed to sit inside the railing in the courtroom directly in front of the jury during the closing arguments. The trial judge allowed this seating arrangement because there were rumors of an escape attempt on the part of the appellant. Clearly, the trial judge has wide discretion in determining the manner in which a trial is to be conducted, and we should not substitute our judgment for his unless there has been an abuse of discretion. Nevertheless, the majority characterizes the trial judge's decision to permit the particular seating arrangement on the basis of a possible escape attempt as "a very thin reason," and states that the "resulting prejudice" seems clear in that the jury gave the maximum sentences for kidnapping and theft to a first offender. Acting on what can be called a whim, the majority gives no reason for belittling the trial court's expressed concern regarding a possible escape. Chief Justice Holt, on the other hand, implies in his concurring opinion that he simply

disbelieves the trial judge by saying the officers' presence was for the purpose of intimidation, not for security. Again, the majority and concurring opinions give no reasons for rejecting the trial judge's finding in this matter. This case presents a clear instance where appellate justices have determined facts and credibility.

Aside from such concerns, I submit that the jurors gave maximum sentences on those charges because the evidence of appellant's guilt was overwhelming. Appellant *admitted* in the presence of several officers that he stole the car with a 20 month old baby in it. For whatever reason, he later decided to remove the baby, abandoning it on the side of the road. The baby's older sister identified the appellant as the person who stole the car, and she further stated that the appellant prevented her from rescuing her baby sister by grabbing the baby's legs so as to keep the child inside the car. The majority concedes that the evidence of guilt was overwhelming, and yet nevertheless feels compelled to demonstrate prejudice on behalf of the appellant, even though appellant has only argued, but not shown such. Aside from the fact that it is the appellant's burden, not this court's, to demonstrate prejudicial error, *Snell* v. *State*, 290 Ark. 503, 721 S.W.2d 628 (1986), the majority proceeds to ignore our cases in which this court has held that it will not consider arguments where the evidence of guilt is so overwhelming. *Id.*; *Gage* v. *State*, 295 Ark. 337, 748 S.W.2d 351 (1988). Even an error of constitutional proportion will not require reversal if it is harmless beyond a reasonable doubt. *Gage*, 295 Ark. 337, 748 S.W.2d 351; *Snell*, 290 Ark. 503, 721 S.W.2d 628. I would affirm on this point as appellant has not demonstrated prejudice in light of the overwhelming evidence against him.

Regarding the theft charge, the majority asserts that the evidence did not "naturally" show a value in excess of $2,500 of an eight year old car. The majority totally ignores the car owner's testimony. In this respect, the owner of the car, Iva Newsome, testified *without objection* that she bought the car in 1985, that the car is in reasonably good condition, and that the value of the car is what she paid for it, $3,600. Appellant offered no evidence to discredit Newsome's value testimony, but this court on appeal gives that testimony no mention. To reverse this case in light of Newsome's testimony, the majority would have to conclude that testimony to be worthless. Clearly, that was within the province of

the jury, not this court. It need only be pointed our that the testimony of the victim as to his or her opinion of the value of the property taken, without objection, is admissible and constitutes substantial evidence of the value of the property. *Ply* v. *State*, 270 Ark. 554, 606 S.W.2d 556 (1980); *Watson* v. *State*, 271 Ark. 661, 609 S.W.2d 673 (Ark. App. 1980). I would affirm on all points.

HICKMAN and HAYS, JJ., join in this dissent.