Leroy DICKERSON *v.* STATE of Arkansas

CACR 94-1432                                     909 S.W.2d 653

Court of Appeals of Arkansas
Division I
Opinion delivered November 15, 1995

*William R. Simpson, Jr.*, Public Defender, by: *Sally Collins*, Deputy Public Defender.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

BRUCE T. BULLION, Special Judge. The appellant was convicted in a jury trial of possession of a controlled substance with intent to deliver and was sentenced as an habitual offender to thirty years in the Arkansas Department of Correction. On appeal, he argues that the trial court erred in denying his motion to suppress. We affirm.

In reviewing a trial court's decision to deny an appellant's motion to suppress, this Court makes an independent determination based on the totality of the circumstances and will reverse the trial court's ruling only if it is clearly against the preponderance of the evidence. *Roark* v. *State*, 46 Ark. App. 49, 876 S.W.2d 569 (1994). As the preponderance of the evidence turns heavily on the question of credibility, we defer to the superior position of the trial court in making the determination of which evidence is to be believed. *Folly* v. *State*, 28 Ark. App. 98, 771 S.W.2d 306 (1989).

At the suppression hearing, Chris Oldham, an officer with the Little Rock Police Department, testified that on the evening of January 20, 1993, he and other officers were checking the area of 1811 Wolfe Street for reported drug activity. He testified that they had previously made numerous arrests and received nightly complaints of narcotics activity in that area. While on patrol,

Officer Oldham and Officer Dennis Ball pulled in behind a brown Buick stopped in the middle of the street. The vehicle was on the wrong side of the street facing in the wrong direction. A black male, later identified as Shannon Williams, was leaning against the vehicle. As the officers pulled up, Mr. Williams quickly walked away. Officer Oldham stopped Mr. Williams and questioned him. Mr. Williams told the officer that the appellant, who was the driver of the vehicle, attempted to sell him cocaine. Officer Oldham relayed this information to Officer Ball who approached the vehicle and tried to contact the appellant. The appellant initially rolled up the windows of the car and locked the door. However, the appellant subsequently opened the door and exited the vehicle.

Two other officers had to assist in restraining the appellant after he exited the vehicle. Officer Ball testified that the appellant made repeated attempts to put his hand in his left coat pocket. He testified that for his own protection, he conducted a pat down search of the appellant. He further testified that when he did so, he felt a large bulge in the appellant's pocket. The officer retrieved a plastic bag with fourteen rocks of cocaine from the appellant's pocket. Officer Ball testified that he believed a narcotics transaction was occurring. He based his belief on his experience and on his observations that Williams was leaning into the driver's side of the window and quickly left the vehicle after the officer's arrival, that the appellant's vehicle was stopped on the wrong side of the street facing in the wrong direction, that the area was known for drug activity, and that it was after dark.

The appellant argues that the trial court erred in failing to suppress the cocaine because the officers did not have probable cause to stop and search him. We disagree.

Arkansas Rule of Criminal Procedure 3.1 provides that a law enforcement officer lawfully present in any place may, in the performance of his duties, stop and detain any person who he reasonably suspects is committing, has committed, or is about to commit (1) a felony, or (2) a misdemeanor involving danger of forcible injury to persons or of appropriation of or damage to property, if such action is reasonably necessary either to obtain or verify the identification of the person or to determine the lawfulness of his conduct. "Reasonable suspicion" is defined as a

suspicion based on facts or circumstances which of themselves do not give rise to the probable cause requisite to justify a lawful arrest, but which give rise to more than a bare suspicion; that is, a suspicion that is reasonable as opposed to an imaginary or purely conjectural suspicion. Ark. R. Crim. P. 2.1. The justification for the investigative stop depends on whether the police have a particularized, specific, and articulable reason indicating the person or vehicle may be involved in criminal activity. *Folly* v. *State, supra.* One factor that can be considered in determining whether reasonable suspicion exists is the apparent effort of a person to avoid identification or confrontation by the police. *Roark* v. *State, supra.*

■ Here, the officers found the appellant sitting in a car stopped in a suspicious manner. Mr. Williams was observed leaning into the window of the vehicle and was observed quickly leaving the vehicle after the officers arrived. Mr. Williams informed one of the officers that the appellant was selling cocaine. The appellant then refused to exit the vehicle or even open the door or window when approached by an officer. When he did finally exit the vehicle, he repeatedly attempted to reach for something in one of his pockets and had to be restrained by the officers. Considering the totality of the circumstances, we cannot say that the officers were not justified in reasonably suspecting that the appellant was involved in criminal activity.

■ Furthermore, Arkansas Rule of Criminal Procedure 3.4 provides that if a law enforcement officer who has detained a person under Rule 3.1 reasonably suspects that the person is armed and presently dangerous to the officer or others, the officer or someone designated by him may search the outer clothing of such person and the immediate surroundings for, and seize, any weapon or other dangerous thing which may be used against the officer or others. Given the appellant's behavior and the fact that he had to be restrained because he repeatedly attempted to reach for something in his coat pocket, we cannot say that the officer was not justified in conducting the pat down search for protection.

■ Moreover, we find no error in the officer's seizure of the cocaine. The United States Supreme Court held in *Minnesota* v. *Dickerson*, 113 S. Ct. 2130 (1993), that police officers may

seize nonthreatening contraband during a protective pat down search so long as the officer's search stays within the bounds marked by *Terry* v. *Ohio*, 392 U.S. 1 (1968). In *Dickerson*, the Court stated:

> If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain view context.

113 S. Ct. at 2137.

Here, the officers were justified in stopping and frisking the appellant. Officer Ball testified that, based on his experience as a law enforcement officer, it was apparent to him that what he felt in the appellant's pocket was a bag of cocaine. Thus, the seizure did not invade the appellant's privacy beyond that already authorized by the officer's search for weapons. Therefore, we cannot say that the trial court's ruling is clearly against the preponderance of the evidence and we affirm the trial court's denial of the appellant's motion to suppress.

The appellant also argues that his statement to officers after his arrest should have been suppressed as "fruit of the poisonous tree." However, the appellant did not argue this to the trial court and hence it is not preserved for appeal. *Walker* v. *State*, 314 Ark. 628, 864 S.W.2d 230 (1993). We will not address an argument that was not presented to the trial court for consideration. *Id.*

Affirmed.

JENNINGS, C.J., and ROGERS, J., agree.