Frank KING *v.* STATE of Arkansas

CA CR 97-1174 969 S.W.2d 199

Court of Appeals of Arkansas
Division IV
Opinion delivered May 13, 1998

*Appellant*, pro se.

*William R. Simpson, Jr.*, Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

JOHN F. STROUD, JR., Judge. A jury found appellant, Frank King, Jr., guilty of residential burglary and rape. He was sentenced as an habitual offender to twenty years' imprisonment on the residential burglary charge and forty years' imprisonment on the rape charge. The court ordered that the sentences be served consecutively.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(j) of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant's counsel has filed a motion to withdraw on grounds that the appeal is without merit. The clerk of this court furnished appellant with a copy of his counsel's brief and notified him of his right to file a *pro se* brief within thirty days, which he has done. In response, the State has also filed a brief.

Appellant's counsel's motion was accompanied by an abstract and brief purportedly referring to everything in the record that might arguably support an appeal. Six defense objections or motions were listed to which there were adverse rulings, and we

find that all rulings adverse to appellant were addressed by his counsel. There were no errors with respect to any of them. Appellant's *pro se* brief raised several issues, many of which duplicated those raised by his counsel; the remaining ones either were not preserved for appeal or involved alleged inconsistencies in testimony that were for the jury to resolve, not this court. The State's brief, which summarizes appellant's issues as four basic arguments, agrees that the appeal has no merit.

I.

One of the adverse rulings was the trial court's denial of appellant's motion for a directed verdict. The basis for the motion was twofold: 1) that appellant had not been adequately identified as the perpetrator of the rape and that consequently the remaining evidence against him, the fingerprint and the DNA, was not sufficient to connect him to the offenses charged; and 2) that based on the evidence presented, no reasonable jury could find him guilty beyond a reasonable doubt of either rape or burglary. We find no error.

A motion for a directed verdict is a challenge to the sufficiency of the evidence, the test for which is whether there is substantial evidence to support a verdict, viewing the evidence in the light most favorable to the appellee. *Mulkey v. State*, 330 Ark. 113, 952 S.W.2d 149 (1997). Evidence is sufficient to support a conviction if the evidence is forceful enough to compel reasonable minds to reach a conclusion one way or the other. *Williams v. State*, 329 Ark. 8, 946 S.W.2d 678 (1997). The fact that evidence is circumstantial does not render it insubstantial. *Payne v. State*, 21 Ark. App. 243, 731 S.W.2d 235 (1987). Here, appellant's fingerprint was found on a fan that was located inside the victim's house. Furthermore, the DNA that was recovered from semen in the victim's underwear matched that of appellant. This evidence was sufficient to connect appellant to the residential burglary and rape and to support the jury's conclusion that appellant had committed both offenses.

## II.

Appellant objected to the composition of the jury venire based solely upon the disproportionate number of African-American jurors present because only four of the thirty-nine potential jurors were African-American. He moved to dismiss the panel. The motion was denied. After the jury was chosen, the court noted for the record that the State's only strike was with respect to a Caucasian female and that two of the four African-Americans summoned were seated in the jury. The trial court considered the motion again, in light of the final makeup of the jury panel, and again denied it. The trial court did not err in doing so.

The selection of a petit jury from a representative cross-section of the community is an essential component of the Sixth Amendment right to a trial by jury; however, there is no requirement that the petit jury actually chosen must mirror the community and reflect the various distinctive groups in the population. *Cleveland v. State*, 315 Ark. 91, 865 S.W.2d 285 (1993). It is the State's purposeful or deliberate denial to blacks, on account of race, of participation in the administration of justice by selection for jury service that violates the equal protection clause. *Id.* Appellant did not allege any impropriety in the selection of the jury venire, just the disproportionate numbers. That showing alone does not prove a case of racial discrimination. *Id.*

## III.

Appellant attempted to impeach the victim's testimony by using a submission sheet prepared by Detective Tina Smith that summarized the evidence in the case. The document contained a notation that the victim had earlier told police officers that the man who raped her was named "Frank," whereas the victim testified at trial that the man who raped her told her his name was "Freddie." The court refused to allow appellant to impeach the victim with a summary of evidence prepared by someone else based on reports from other officers, not the victim; however, the trial court allowed appellant to establish through questioning of Detective Smith that the victim had told some of the patrol officers that the perpetrator's name was Frank, rather than Fred-

die. Thus, the jury was presented with the evidence of a prior inconsistent statement made by the victim, and if there was any error in refusing to allow the submission sheet for that purpose, which we do not hold, it was thereby rendered harmless.

■ Moreover, the trial court allowed appellant to use the submission sheet to refresh the victim's memory, but refused to allow the victim to read the statement aloud. There was no error in the refusal. A prior inconsistent statement may not be quoted into evidence as part of the impeachment process. *Williams v. State*, 55 Ark. App. 156, 934 S.W.2d 931 (1996).

## IV.

■ Appellant objected to the State's asking Mr. Kermit Channel, a supervisor in the DNA section of the State's crime lab, about the statistical probability of finding the DNA profile he established from appellant's blood in the general population. He argued that Channel had not been qualified as a statistician. Appellant renewed the objection after the State had Channel lay a foundation for the testimony. The trial court overruled the objection and did not err in doing so. Our supreme court has held that in DNA profiling the expert need only show that he properly performed a reliable methodology, *Moore v. State*, 323 Ark. 529, 915 S.W.2d 284 (1996), and that challenges to the expert's conclusions are to be made by cross-examination of the expert and the presentation of experts by the defense. *Johnson v. State*, 326 Ark. 430, 934 S.W.2d 179 (1996). Appellant did not challenge the expert's methods, nor did he call his own experts to challenge the State's expert's results. Also, as noted by appellant's counsel's brief, the defense in this case was that the sex was consensual. Consequently, the presence of appellant's semen was not really at issue.

## V.

■ During its closing argument on rebuttal, the State challenged an assertion the defense had made in its closing argument, *i.e.*, that Detective Smith testified that one of the officers was told that the perpetrator's name was Frank, arguing that the informa-

tion was not in evidence. Appellant objected, asking the court to instruct the jury that the information *was* in evidence. The court declined to do so, explaining that it could not comment on the evidence. The court was correct because it is prohibited from doing so by the Arkansas Constitution, article 7, section 23. It is reversible error for a judge to express an opinion concerning a fact in the presence of the jury. *Breeden v. State,* 270 Ark. 90, 603 S.W.2d 459 (1980). Moreover, the jury was instructed that any remarks of counsel having no basis in the evidence were to be disregarded.

## VI.

█ The remaining adverse decision had to do with appellant's habitual-offender status. Appellant objected to the admissibility of State Exhibit 10, a certified copy of information from the circuit court files of St. Francis County, Arkansas, showing a conviction for "Frank King." There was no error in this regard because Arkansas Code Annotated section 5-4-504(1) (1993) provides that a previous conviction may be proved by a certified copy of the record of the previous conviction.

█ Appellant's objection also encompassed a challenge as to whether State Exhibit 10 established that it was in reference to the same "Frank King" as appellant. The court determined that the exhibit made a prima facie case but invited appellant's counsel to controvert that finding before the jury, which was not done. Therefore this issue was not preserved, a fact acknowledged by appellant's counsel in his brief.

Finally, although not raised by appellant, the trial court raised the issue of whether a suspended imposition of sentence with probation constituted a "conviction" since the probation had not been revoked. The court concluded that it was sufficient to show a prior finding of guilt for habitual-offender purposes. The court was correct.

█ Suspended sentences are still "convictions" within the meaning of the habitual-offender statute. *Rolark v. State,* 299 Ark. 299, 772 S.W.2d 588 (1989); *Reeves v. State,* 263 Ark. 227, 564 S.W.2d 503 (1978). The statute does not require that the defend-

ant has previously been sentenced to serve a jail sentence; it is enough that he has been found guilty and put on probation. *Campbell v. State*, 264 Ark. 575, 572 S.W.2d 845 (1978). Here, the appellant had pled guilty in the St. Francis County case, and the court suspended imposition of sentence, placing him on probation for five years. The five years had not run at the time of the sentencing in the instant case, and the probation had not been revoked.

Appellant's *pro se* brief lists nine "issues of law," the first six of which are addressed in appellant's counsel's brief and previously discussed in this opinion. The remaining issues were either not preserved for appeal, *Dickerson v. State*, 51 Ark. App. 64, 909 S.W.2d 653 (1995), or they involved alleged inconsistencies in testimony that were for the jury to resolve, not this court, *Larue v. State*, 34 Ark. App. 131, 806 S.W.2d 35 (1991).

From our review of the record and the briefs presented to us, we find that there was compliance with Rule 4-3(j) and that the appeal is without merit. Accordingly, we grant counsel's motion to withdraw and affirm the judgment of conviction.

Affirmed.

JENNINGS and NEAL, JJ., agree.